UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SPAR SHIPPING AS,<br><br>         Plaintiff,<br><br>    against<br><br>ALLIED MARITIME INC.,<br><br>         Defendant. | Case No.<br><br>**<u>VERIFIED COMPLAINT</u>** |

Plaintiff SPAR SHIPPING AS ("Plaintiff"), by and through its attorneys, Masuda, Funai, Eifert & Mitchell, Ltd. and Blank Rome LLP, complaining of the above-named Defendant ALLIED MARITIME INC. ("Defendant"), alleges upon information and belief as follows:

1.   This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.  The action is also brought pursuant to 9 U.S.C. § 8 and §§ 201, *et seq*.

2.   At all material times, Plaintiff was and now is a foreign company organized and existing under the laws of Norway and the owner of the vessel "SPAR DRACO" (the "Vessel").

3.   At all material times, Defendant was and now is a corporation organized and existing under the laws of Liberia.

4. Pursuant to a time charter party on an amended New York produce Exchange Form dated October 20, 2011 (the "Charter Party"), Plaintiff chartered the Vessel to the Defendant for four to six months. See Charter Party attached hereto as Exhibit "1."

5. Defendant has failed to pay hire and other expenses due and owing to the Plaintiff in breach of the Charter Party. Based on an estimated return of the Vessel to Plaintiff on March 14, 2012 Plaintiff calculates the net amount owing as of that date will be $1,936,587. See Statement of Account for Vessel attached hereto as Exhibit "2."

6. As a result of Defendant's breach of the Charter Party, Plaintiff has suffered damages in the principal amount of $1,936,587. See Exhibit "2."

7. The Charter is subject to English law and London arbitration. Plaintiff has demanded arbitration. *See* February 29, 2012 Demand Letter attached hereto as Exhibit "3." This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

8. Plaintiff repeats paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

10. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

|   |   |   |
|---|---|---|
| A. | On the principal claim | $1,936,587 |
| B. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $250,000 |
| C. | Interest at 6% over the course of 3 years. | <u>$348,585</u> |
|   | **TOTAL**: | $2,535,172 |

11. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of $2,535,172 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

    C.    That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

    D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: March 14, 2012
       Chicago, Illinois

            Respectfully submitted,

            Attorneys for Plaintiff,
            SPAR SHIPPING AS,

        By:    /s/ Gerald L. Morel
            Gerald L. Morel
            Masuda, Funai, Eifert & Mitchell, Ltd.
            203 N. LaSalle Street, Suite 2500
            Chicago, IL  60601-1262
            Tel: 312-245-7500
            Fax: 312-245-7467
            gmorel@masudafunai.com